**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FINDING PROBABLE CAUSE AND** |
| | ) | **GRANTING GOVERNMENT'S MOTION FOR** |
| | ) | **DETENTION** |
| vs. | ) | |
| | ) | |
| Matthew Ryan Lee, | ) | |
| | ) | Case No.  4:06-cr-049 |
| Defendant. | ) | |

_____

The defendant is charged with violating the terms and conditions of his probation. Detention and preliminary hearings were held on February 8, 2007.  AUSA Clare Hochalter appeared on the government's behalf.  Attorney William Schmidt from the Federal Public Defender's office appeared on the defendant's behalf.  United States Probation and Pretrial Services Officer Terry Gunville provided testimony.

Based upon the testimony of Officer Gunville, the court finds there is probable cause to believe that an offense has been committed and that the defendant may have committed it.  The court therefore **ORDERS** that, pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the defendant be bound over to the United States District Court to answer to the charges set forth in the petition for revocation of probation. <u>A revocation hearing has been scheduled for February 21, 2007, at 10:00 a.m. in Bismarck before Judge Hovland</u>.  The court will next address the issue of detention.

Rule 32.1 of the Federal Rules of Criminal Procedure states that the burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.  For the reasons articulated at the hearing, the court finds the defendant failed to

1

demonstrate that he poses no danger to any other person or to the community that the defendant is not a candidate for release.  These reasons include: (1) the defendant's extensive criminal history; (2) the defendant's history of alcohol and substance abuse; (3) the defendant's demonstrated inability to abide by the conditions of probation, including his continued use of alcohol and methamphetamine and his violations of home confinement; (4) the defendant's prior problems in abiding by the conditions of pretrial release; (5) the evidence of defendant's assaultive behavior while on release; and (6) the defendant's leaving the scene of the accident, evading state probation officers, and his recent attempt to avoid arrest by the United States Marshal.

Accordingly, the court **GRANTS** the government's Motion to Detain and **ORDERS** that the defendant is to be detained until final disposition of this matter.  The court **FURTHER ORDERS** the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.  The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 8th day of February, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge